NUMBER 13-07-338-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


DONNA KAY REED, Appellant,


v.


THE STATE OF TEXAS , Appellee.

 


On appeal from the 377th District Court of Victoria County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides

Memorandum Opinion by Justice Yañez

 Pursuant to a plea agreement, appellant, Donna Kay Reed, pleaded guilty on
October 10, 2006 to the offense of forgery. (1) The trial court assessed punishment at two
years' confinement in state jail, plus a fine and restitution, (2) suspended the sentence, and placed appellant on community supervision for five
years. On March 6, 2007, the State filed a motion to revoke appellant's community
supervision. Following a hearing, the trial court revoked appellant's community
supervision, and imposed the two-year state jail sentence. Appellant appeals the
revocation of her community supervision. (3)

 Appellant's appellate counsel, concluding that there are "no reasonably arguable
factual or evidentiary issues disclosed by the record in this case which would rise to the
level of reversible error," filed an Anders (4) brief, in which she reviewed the merits, or lack
thereof, of the appeal. We affirm. 

I. Discussion

 Pursuant to Anders v. California, (5) appellant's court-appointed appellate counsel
has filed a brief with this Court, stating that her review of the record yielded no grounds
or error upon which an appeal can be predicated. Although counsel's brief does not
advance any arguable grounds of error, it does present a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced on appeal. (6) 

 In compliance with High v. State, (7) appellant's counsel has carefully discussed
why, under controlling authority, there are no errors in the trial court's judgment. 
Counsel has informed this Court that she has: (1) examined the record and found no
arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's
motion to withdraw on appellant, and (3) informed appellant of her right to review the
record and to file a pro se response. (8) More than an adequate period of time has
passed, and appellant has not filed a pro se response. (9) 

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. (10) We have reviewed the
entire record and counsel's brief and have found nothing that would arguably support an
appeal. (11) Accordingly, we affirm the judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, appellant's attorney has asked this Court for
permission to withdraw as counsel for appellant. (12) We grant counsel's motion to
withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send
a copy of the opinion and judgment to appellant and to advise appellant of her right to
file a petition for discretionary review. (13) 


 

 LINDA REYNA YAÑEZ,

 Justice




Do not publish. Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and

filed this the 13th day of August, 2009.

1. [1] See Tex. Penal Code Ann. § 32.21 (b), (d) (Vernon Supp. 2008).
2. [2] See id. § 12.35 (Vernon Supp. 2008).
3. [3] We note that the record contains the trial court's certification, which states that this case "is a
plea-bargain case, and the defendant has NO right of appeal." See Tex. R. App. P. 25.2 (a)(2). 
4. [4] See Anders v. California, 386 U.S. 738, 744 (1967). 
5. [5] See id. 
6. [6] See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders
brief need not specifically advance 'arguable' points of error if counsel finds none, but it must
provide record references to the facts and procedural history and set out pertinent legal
authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003,
no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 
7. [7] High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).
8. [8] See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252
S.W.3d at 409 n.23. The Texas Court of Criminal Appeals has held that "the pro se response
need not comply with the rules of appellate procedure in order to be considered. Rather, the
response should identify for the court those issues which the indigent appellant believes the court
should consider in deciding whether the case presents any meritorious issues." In re Schulman,
252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting Wilson v. State, 955 S.W.2d 693,
696-97 (Tex. App.-Waco 1997, no pet.)).
9. [9] See In re Schulman, 252 S.W.3d at 409. 
10. [10] Penson v. Ohio, 488 U.S. 75, 80 (1988). 
11. [11] See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and
reviewed the record for reversible error but found none, the court of appeals met the requirement
of Texas Rule of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509.
12. [12] See Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v.
State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) (noting that "[i]f an attorney
believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw
from representation, the appointed attorney must file a motion to withdraw accompanied by a
brief showing the appellate court that the appeal is frivolous") (citations omitted)). 
13. [13] See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006). No substitute counsel will be appointed. Should
appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he
must either retain an attorney to file a petition for discretionary review or file a pro se petition
for discretionary review. Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing that was overruled by
this Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with
this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R.
App. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements
of Rule 68.4 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4.